IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BLAKE ARTWELL : CIVIL ACTION
:
v. :
:
L.A. FITNESS, *et al.* : NO. 10-859

**MEMORANDUM**

Fullam, Sr. J. January 10, 2011

Blake Artwell's first visit to the L.A. Fitness facility in Springfield, Pennsylvania did not end well, as Mr. Artwell suffered a torn rotator cuff of the right shoulder while lifting weights under the supervision of a trainer. The ensuing negligence suit was removed to this Court on the basis of diversity jurisdiction, and L.A. Fitness has moved for summary judgment based upon exculpatory language in the contract that Mr. Artwell signed. Mr. Artwell argues that the contract was not binding as he was visiting on a trial basis and had not yet committed to a membership arrangement.

There is no dispute that Mr. Artwell signed a document entitled "Membership Agreement" on February 8, 2008, and gave his credit card to the defendant's representative. The agreement comprises three pages; on the first, in large type and bold print, is an explanation of the buyer's right to cancel within three business days. Mr. Artwell's signature is on the first page, directly under the statement that "[b]y signing this Agreement, Buyer acknowledges that Buyer is of legal age, has received a filled-in and completed copy of this Agreement[,] has

read and understands the entire agreement including but not limited to the *EFT/CC Request (if applicable), the Release and Waiver of Liability and Indemnity, [and] all other Additional Terms and Conditions on the reverse side hereof.  L.A. Fitness recommends you consult your physician prior to beginning any exercise or weight loss program."  On the second page, one-third of the way down the page, and set off in a box with bold print larger than the print on the rest of the page, is a provision labeled: "IMPORTANT: RELEASE AND WAIVER OF LIABILITY AND INDEMNITY," followed by this language:

> You hereby acknowledge and agree that Member's use of L.A. Fitness' facilities, services, equipment or premises, involves risks of injury to persons and property, including those described below, and Member assumes full responsibility for such risks.  In consideration of being permitted to enter any facility of L.A. Fitness (a "Club") for any purpose including, but not limited to, observation, use of facilities, services or equipment or participation in any way, Member agrees to the following: Member hereby releases and holds L.A. Fitness, its directors, officers, employees, and agents harmless from all liability to Member and Member's personal representatives, assigns, heirs and next of kin for any loss or damage, and forever gives up any claim or demands therefore, on account of injury to Member's person or property, including injury leading to the death of Member, whether caused by the active or passive negligence of L.A. Fitness or otherwise, to the fullest extent permitted by law, while Member is in, upon, or about L.A. Fitness premises or using any L.A. Fitness facilities, services or equipment.  Member also hereby agrees to indemnify L.A. Fitness from any loss, liability, damage or cost L.A. Fitness may incur due to the presence of Member in, upon or about the L.A. Fitness premises or in any way observing or using any facilities or equipment of L.A. Fitness whether caused by the negligence of Member or otherwise.  You represent (a) that Member is in good physical condition

and has no disability, illness, or other condition that could prevent member from exercising without injury or impairment of health, and (b) that Member has consulted a physician concerning an exercise program that will not risk injury to Member or impairment of Member's health. Such risk of injury includes (but is not limited to): injuries arising from use by Member or others of exercise equipment and machines; injuries arising from participation by Member or others in supervised or unsupervised activities or programs at a Club; injuries and medical disorders arising from exercising at a Club such as heart attacks, strokes, heat stress, sprains, broken bones, and torn muscles and ligaments, among others; and accidental injuries occurring anywhere in Club dressing rooms, showers and other facilities. Member further expressly agrees that the foregoing release, waiver and indemnity agreement is intended to be as broad and inclusive as is permitted by the law of the State of Pennsylvania and that if any portion thereof is held invalid, it is agreed that the balance shall, notwithstanding, continue in full force and effect. Member has read this release and waiver of liability and indemnity clause, and agrees that no oral representations, statements or inducement apart from this Agreement have been made.

The third page of the agreement lists the club's rules and regulations, including that "[a]ll guests must sign a medical and injury release form prior to using the club facilities and follow all Rules and Regulations."

Mr. Artwell testified in his deposition that he only went to L.A. Fitness because he received a coupon for a free trial workout, that he gave his credit card "to keep it on file" in case he wanted to join, and that with regard to the membership agreement, Mr. Artwell "was signing just in case I wanted to come back after the training session if I wanted to be a member." Mr. Artwell further testified that "I didn't know that I would be a

3

member when I signed it.  I thought it was just a free trial period that you had to get all this on paper just in case I liked it and I wanted to come back." When asked what he thought he had to do to become a member, Mr. Artwell testified that "I thought I had to come back after the training session and say, Okay, you guys can charge my card and I want to be a member." The plaintiff therefore argues that fraud in the execution renders the contract void *ab initio*, because the plaintiff did not believe that he was entering into a membership contract, and that there was no acceptance or consideration by the plaintiff.

  I find that as a matter of law, the agreement was in effect at the time of the plaintiff's injury.  There is no dispute that Mr. Artwell signed the agreement, and gave consideration in the form of the coupon that was redeemed.  I need not decide whether the agreement was binding on the plaintiff after the initial session, only that the plaintiff was subject to its terms on the date in question.  I note that had Mr. Artwell been a guest, according to the club's rules and regulations, the medical and injury release form still would have been required before the facilities could be used.

  The plaintiff also argues that the exculpatory clause is invalid because it contravenes public policy and is a contract of adhesion. I disagree for the reasons stated in the thorough opinion of Judge Younge of the Philadelphia Court of Common Pleas in <u>Taylor v. L.A. Fitness International, LLC</u>, February Term 2008

4

No. 2213 slip op. (C.C.P. Phila. Aug. 30, 2010), which analyzed under Pennsylvania law (which is the governing law in this case) the same language at issue here, and concluded that the exculpatory clause barred a negligence claim against L.A. Fitness.

An order will be entered.

BY THE COURT:

/s/ John P. Fullam
_____
John P. Fullam,    Sr. J.